**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANA KAY HAHN,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>    Defendant-Appellee. | No.  16-35797<br><br>D.C. No. 3:15-cv-02034-JR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Submitted December 5, 2017[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Lana Hahn appeals from the district court's order affirming the decision of

the Commissioner of Social Security denying her applications for disability

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance benefits under Title II of the Social Security Act, and social security income under Title XVI.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order affirming the denial of benefits de novo and will reverse the district court only where the Administrative Law Judge ("ALJ") applied the wrong legal standard or the decision was not supported by substantial evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Substantial evidence is more than "a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). We affirm.

I

The district court did not err in concluding that the ALJ properly found that Hahn's migraine headaches do not constitute a severe impairment. Accordingly, the ALJ did not pose an incomplete hypothetical to the vocational expert ("VE"). The ALJ considered all the symptoms alleged by Hahn, as well as the degree to which the symptoms could be consistent with the objective medical evidence. The MRI of Hahn's brain returned normal results; the medical records demonstrate Hahn's symptoms are controlled through medication; and the frequency of the migraines is not consistent.

Because the hypothetical posed to the VE included all the limitations the ALJ found to be credible and supported by substantial evidence, the ALJ's reliance on the VE's testimony was not improper. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The ALJ properly omitted the evidence he discounted, and did not provide an incomplete hypothetical to the VE. The ALJ's reliance on the VE's testimony did not result in error.

II

The district court also properly concluded that the ALJ provided clear and convincing reasons, supported by substantial evidence, for discounting Hahn's testimony. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Inconsistencies existed between Hahn's reported daily activities, her alleged symptoms, and the medical evidence. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (inconsistencies between the claimant's daily activities and reported limitations are sufficient reasons for rejecting the claimant's testimony). Although Hahn alleges her symptoms are so severe that she is unable to independently perform any activities of daily living or otherwise care for herself, Hahn reported she walks her dog daily and exercises; she cared for three grandchildren for a period of 10 days by herself; she cared for her sister; and she cared for her grandchildren while her daughter was in the hospital. Further, medical records and treatment notes indicate

Hahn can perform all activities of daily living, and her overall functioning is average. Hahn's activity level and the medical evidence fail to corroborate the severity of the symptoms alleged, and the ALJ provided sufficient reasons for rejecting Hahn's testimony. The ALJ did not err in rejecting Hahn's testimony in light of the inconsistencies between Hahn's testimony, her reported activities, and the objective medical evidence.

### III

The district court properly determined that the ALJ had provided reasons germane to each witness, supported by substantial evidence, to reject the lay witness statements regarding Hahn's limitations. *Dodrill*, 12 F.3d at 919. The ALJ identified inconsistencies between the lay witness statements, Hahn's reported activities, and the medical evidence, which are legally sufficient reasons to reject lay witness testimony. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Both lay witnesses stated Hahn requires assistance to care for herself and is unable to independently perform most activities of daily living. However, Hahn's reported activities contradict the lay witness testimony. Hahn reported she has cared for others over extended periods of time independently, and she regularly walks her dog and exercises. Further, the medical evidence indicates Hahn's overall functioning is average, and she is able to perform all activities of

4

daily living and instrumental daily living.  The ALJ did not err in discounting the lay witness testimony.

IV

The district court properly concluded that the ALJ gave sufficient reasons, supported by substantial evidence, for rejecting the opinions of Dr. Afridi and Dr. Voeller.  *Bayliss*, 427 F.3d at 1216.

The ALJ disregarded Dr. Afridi's opinions regarding Hahn's inability to stand on one leg for more than a few seconds and that Hahn was disabled and required an additional bedroom because the opinions were brief, conclusory, and inadequately supported by the medical findings.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Dr. Afridi provided no explanation or clinical findings to support his opinions, and the medical evidence does not support the opinions.  Such reasons are legally sufficient, and are supported by substantial evidence in the record.

The ALJ discounted Dr. Voeller's opinion that Hahn could only occasionally reach in all directions other than overhead with her right arm because it was inconsistent with Hahn's reported symptoms, Dr. Voeller's treatment notes, and the medical evidence.  *Tommasetti*, 533 F.3d at 1041 (inconsistencies between the record and a physician's opinion are sufficient reasons to reject a medical opinion);

*Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (contradictions between the physician's opinion and his treatment notes are sufficient reasons to reject a medical opinion.)  Hahn did not report any pain or difficulties using her right arm in any direction other than overhead, and Dr. Voeller did not observe any such limitations on physical examination.  Rather, Dr. Voeller's treatment notes indicate Hahn's use of her right arm below shoulder level was normal, and she put all her weight on her right outstretched arm when getting on and off the exam table.  The ALJ provided legally sufficient reasons for discounting Dr. Voeller's opinion, and the reasons are supported by substantial evidence in the record.

V

The district court properly concluded that the ALJ did not commit error. Therefore, we affirm the judgment of the district court.

**AFFIRMED.**